WILLIAM HARRISON v. HORACE H. SPENCER AND SEBA SPENCER.

*Ejectment—Statute of limitations—Adverse possession.*

1. Where the defense of adverse possession in an action of eject‐ment is not conclusively established by the evidence, the ques‐tion is properly left to the jury to determine.

2. A plaintiff in ejectment showed title in himself through a chain of conveyances from the United States, and the defend‐ants gave evidence tending to show an adverse possession for more than 20 years under a tax deed, which was invalidated by evidence offered by the plaintiff on rebuttal.  The defend‐ants objected to the evidence of the invalidity of the tax deed as incompetent, insisting that 24 years had elapsed since the right to bring an action of ejectment had accrued, and that such right of action was barred by the statute; that the time within which the plaintiff would have been permitted to bring an action of ejectment, and show the invalidity of the tax proceedings, had long since elapsed, and that the fact whether they were regular or irregular was immaterial.  And it is held

that the statute places no limitation upon actions of ejectment, and that the plaintiff was under no more obligation to bring such action within 20 years from the time the tax deed was recorded than were the defendants to file a bill in equity to quiet the tax title.

Error to St. Clair. (Canfield, J.) Argued March 2 and 3, 1892. Decided March 11, 1892.

Ejectment. Defendants bring error. Affirmed. The facts are stated in the opinion.

*T. M. Crocker*, for appellants, contended:

1. Possession having been once established in Spencer, it will be presumed to have been continuous until its interruption is clearly shown; citing *Rayner v. Lee*, 20 Mich. 384, 386; *Stettnische v. Lamb*, 18 Neb. 627.

2. When defendant Horace H. Spencer placed the tax deed and the deed from Ira Spencer to himself upon record, he was in a position to be properly made defendant in an action of ejectment by Mary Cramer; citing *Anderson v. Courtright*, 47 Mich. 161; *Hoyt v. Southard*, 58 Id. 432, 434; *Heinmiller v. Hatheway*, 60 Id. 391, 396; *Murray v. Hudson*, 65 Id. 670, 674; *Harvey v. Tyler*, 2 Wall. 328, 348.

3. The entry by Spencer under the tax deed was hostile; citing *Sparrow v. Hovey*, 44 Mich. 63; and the possession was adverse; citing *Curtis v. Campbell*, 54 Mich. 340, 341; *Murray v. Hudson*, 65 Id. 670, 674, 675; *Fitch v. Gosser*, 54 Mo. 267; *Ware v. Johnson*, 55 Id. 500; and the acquiescence and inaction on the part of Mary Cramer for 24 years, when the notoriety of the occupation of Spencer is considered, makes the limitation perfect; citing *Bower v. Earl*, 18 Mich. 367, 368; *Turner v. Hart*, 71 Id. 128, 138.

4. After stating defendants' position, as set forth in the opinion, it is further contended that no claim was made by the plaintiff's counsel, when he offered proof for the purpose of defeating the tax title, that from the time the entry was made under the tax deed there had been an ouster by the plaintiff, neither was any such evidence offered on the trial; which evidence was necessary to make the proof material. The circumstances made the regularity of the deed unimportant. The proofs defendants had placed before the court and jury would have entitled them to a decree quieting their title; citing *Hardy v. Powell*, 40 Mich. 413, 415; *Harpending v. Dutch Church*, 16

Pet. 455; *Ellicott v. Pearl*, 10 Id. 412; *Ford v. Wilson*, 35 Miss. 504.

*Phillips & Jenks*, for plaintiff.

GRANT, J. This is an action of ejectment. Plaintiff showed title in himself by a chain of conveyances from the United States to him, and rested his case. Defendants introduced a tax deed dated February 6, 1861, and duly recorded October 1, 1864. They then gave evidence tending to show an adverse possession for more than 20 years. Plaintiff, in rebuttal, gave evidence of the invalidity of the tax deed, and also controverting the adverse possession. No claim is made of the validity of the tax deed, but defendants rest their defense upon the proof of adverse possession. The court below instructed the jury that the tax deed was void, but that adverse possession under it for a period of 20 years would be sufficient to create title in the defendants. The instructions correctly and very clearly stated the law, and were favorable to the defendants, assuming that the question was one for the jury, rather than the court, to determine. Verdict and judgment were for the plaintiff.

Defendants objected to the evidence of the invalidity of the tax deed as incompetent, and now insist that the court should have directed a verdict for them for the reason—

"That over 24 years had elapsed since the right to bring the action of ejectment had accrued, and the right of action was therefore barred by the statute; that the time within which the plaintiff would have been permitted to bring ejectment, and show that the proceedings upon which the tax title were based were irregular, had long since elapsed, and the fact whether they were regular or irregular was immaterial."

The statute places no limitation upon actions of ejectment. The plaintiff was under no more obligation to bring an action of ejectment within 20 years from the

time the tax deed was recorded than were the defendants to file a bill in equity to quiet the tax title. The tax title being void, the only ground upon which the defendants could maintain any title was by proof of adverse possession. This was not conclusively established by the evidence, and was properly left to the jury to determine.

Judgment affirmed.

The other Justices concurred.